UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, INC., a nonprofit California corporation; MARGARET DOWLING, NATHAN THORNTON, SYLVIA HEDBIG, LINDA BLOCK, HECTOR REYES, MICHAEL FERONA, HOMA KARIMZAD, and BLANE BECKWORTH,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL LEAVITT, Secretary of U.S. Department of Health and Human Services; SANDRA SHEWRY, Director of California Department of Health Services; and STEVE WESTLY, Controller of the State of California,<br><br>    Defendants. | No. 2:06-cv-0435-MCE-KJM<br><br><br><br><br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

///
///
///
///
///

1

1    Through the present action, Plaintiffs[1] seek to enjoin
2 implementation of the Medicare Prescription Drug, Modernization
3 and Improvement Act of 2003, 42 U.S.C. § 1395w-101, et seq.
4 ("MMA") to the extent that changes in prescription drug coverage
5 available to individuals who are both eligible for benefits under
6 Medicare and Medicaid (so-called "dual eligibles") are
7 unconstitutional.  Defendant Sandra Shewry, Director of the
8 California Department of Health Services, now moves to dismiss
9 Plaintiffs' claims pertaining to the State of California,
10 pursuant to Federal Rule of Civil Procedure 12(b)(1),[2] on grounds
11 that this Court lacks subject matter jurisdiction over such
12 claims.  Alternatively, Defendant Shewry requests that
13 Plaintiffs' claims be dismissed for failure to state a claim upon
14 which relief can be granted under Rule 12(b)(6).  Defendant Steve
15 Westly, Controller of the State of California, has joined in
16 Defendant Shewry's Motion.[3]  For the reasons set forth below, the
17 State Defendants' Motion will be granted on jurisdictional
18 grounds.
19 ///
20
21
22    [1]Plaintiffs include the Independent Living Center of Southern California, Inc. ("ILC"), an independent living center established under the auspices of California Welfare and
23 Institutions Code § 19801 to provide services to disabled persons, as well as eight individuals who qualify as dual
24 eligibles and who claim to have been impacted by implementation of the MMA.
25
    [2]All further references to "Rule" or "Rules" are to the
26 Federal Rules of Civil Procedure unless otherwise noted.
27
    [3]Defendants Shewry and Westly will be collectively referred to as "State Defendants" throughout the remainder of this
28 Memorandum and Order.

2

**BACKGROUND**

Title XVIII of the Social Security Act, commonly known as the Medicare Act, establishes a program of federally subsidized health insurance for the elderly and disabled. 42 U.S.C. §§ 1395, et seq. Coverage available under Medicare includes hospital inpatient and related care (Part A), supplemental coverage for outpatient services (Part B), and a managed-care alternative to Part B (known as Part C). Through enactment of the MMA, Congress provided Medicare coverage for drugs. Part D became effective on January 1, 2006.

Another portion of the Social Security Act, Title XIX, establishes a separate federal-state program providing medical assistance for categorically low-income persons. 42 U.S.C. §§ 1396, et seq. This coverage, known as Medicaid, or MediCal in California, is administered by the states and funded in part through federal aid so long as each state's program complies with applicable Medicaid laws and regulations. See Alexander v. Choate, 469 U.S. 287, 289 n.1 (1985). California's MediCal program is administered by the California Department of Health Services.

So-called "dual eligibles" qualify for both Medicare and Medicaid benefits. For those individuals, Medicare generally pays first and Medicaid provides protection for services not covered under Medicare. Prior to enactment of the MMA, Medicaid paid for dual eligibles' prescription drugs.

///
///

In addition to receiving a fifty percent contribution from the federal government for benefits provided under Medicaid, including prescription drugs, the Medicaid Act also required pharmaceutical companies to make substantial rebate payments in return for dispensing their products under Medicaid.

Exclusive provision of prescription drugs through Medicaid has changed with the advent of the MMA.  Under Part D, Medicare becomes the primary payer for dual eligibles as to all drugs covered under Medicare.  The Medicaid Act was consequently amended to provide that Medicaid is not available for such drugs. 42 U.S.C. § 1396u-5(d)(1).  The State of California similarly enacted Welfare and Institutions Code § 14133.23, which eliminated the provision of drug benefits under MediCal to dual-eligible beneficiaries that would otherwise now be covered under Medicare, Part D.

In order to ease transition difficulties between drug payment under MediCare and reassignment of dual eligibles to coverage under Medicare Part D, the California Legislature enacted legislation on an emergency basis to pay for Part D drugs.  California Welfare and Institutions Code § 14133.23(f). That emergency legislation was subsequently extended until May 16, 2006.

Plaintiffs name the State Defendants in this litigation in an attempt to compel California to continue payment for prescription drug coverage to dual eligibles under its MediCal program.

///

///

Plaintiffs contend that transfer of dual eligibles' prescription drug coverage to Medicare has created a "dire situation" rife with the potential for damage to dual eligibles' health if needed medications cannot be obtained.  Plaintiffs also contend that formularies assigned by Medicare are less comprehensive than the drug benefits formerly available under MediCal.

### STANDARD

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").  Thornhill Publ'n Co. v. Gen. Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.

5

Generally, leave to amend should be denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

**ANALYSIS**

The State Defendants argue that Plaintiffs' lawsuit against them must fail under the Eleventh Amendment because Plaintiffs in effect seek damages against the State of California, in the form of continued payment for prescription drugs under MediCal, despite the advent of prescription benefits under Medicare Part D as provided by the MMA. The Court agrees with the State Defendants' position.

The Eleventh Amendments bars federal courts for exercising jurisdiction over a suit brought against a state in federal court by its own citizens. A state is immune from such an action. Papasan v. Allain, 478 U.S. 265, 276 (1986). In addition, naming state officials rather than the state itself, as Plaintiffs have done here by designating Sandra Shewry and Steve Westly as Defendants, does not save a lawsuit from the bar imposed by the Eleventh Amendment if the state is deemed the real party in interest. Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 277-78 (1997). Where a lawsuit seeks relief that must be paid by the state treasury, the state is deemed the real party in interest even though individual officials are denominated as nominal defendants. Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945).

6

1    As indicated above, the State Defendants argue that this
2 lawsuit effectively seeks monetary relief because Plaintiff seek
3 reversion to the previous system under which dual eligibles
4 received prescription drugs under MediCal, a program funded in
5 part by state dollars.  They point out that Plaintiffs seek an
6 injunction ordering "the Director... [to] pay and Dual Eligible
7 prescription," (Compl., 43:17-21), as well as ordering "the
8 Director... [to] receive, accept, process, and treat all
9 prescription drug claims of non-enrolled Dual Eligibles as being
10 prescriptions required to be paid in the Medi-Cal program and not
11 under any Medicare program."  (Compl., 44:14-17).
12   Any such payments would constitute damages against the State
13 of California prohibited under the Eleventh Amendment.  Those
14 damages would unquestionably impact the state treasury, and could
15 have an even more pronounced result than the previously
16 administered MediCal system for two reasons.  First, with the
17 dismantling of the Medicaid drug reimbursement system, the State
18 argues that rebates previously required from pharmaceutical
19 companies might no longer available.  Secondly, if California
20 were to pay for dual eligible provisions in contravention of Part
21 D Medicare, it might no longer be entitled to the matching
22 federal funds it had previously received under the old system.
23 Both these factors could well make exclusive state payment for
24 prescriptions considerably more expensive.
25 ///
26 ///
27 ///
28 ///

7

1    Plaintiffs cannot avoid the import of these concerns by
2 arguing[4] that this case falls within the limited exception to
3 Eleventh Amendment preclusion established by Ex Parte Young, 209
4 U.S. 123 (1908).  In that case, suit against a state was
5 permitted where only prospective equitable relief was sought as
6 opposed to any form of money damages or other legal relief.
7 Plaintiffs here argue that the relief requested is prospective
8 and equitable only despite the obvious fiscal impact as well as
9 the fact that individual Plaintiffs would appear to seek the
10 equivalent of money damages in the form of co-pay recoupment.
11    In determining whether the Ex Parte Young exception applies,
12 courts should look to the substance rather than the form of the
13 relief sought.  Papasan, 478 U.S. at 278-79.  As the State points
14 out, the primary purpose driving this lawsuit is State payment
15 for prescription drugs.  That goes beyond mere equitable relief,
16 as does the Plaintiffs' demand that no co-payments be required.
17 ///

---

[4] Plaintiffs in fact have offered no substantive opposition to the State Defendants' Motion to Dismiss.  Procedurally, they contend that both the State's Motion to Dismiss, and a corresponding motion filed on behalf of the Federal Defendant, should be stayed pending the Ninth Circuit's consideration of Plaintiffs' appeal from this Court's denial of Plaintiffs' Motion for Preliminary Judgment on May 19, 2006.  That position is wrong, however, since an appeal from a preliminary injunction does not deprive a district court of jurisdiction.  See Moltan Co. v. Eagle-Picher Indus., Inc., 55 F.3d 1171, 1174 (6th Cir. 1995) (district court may proceed with action on the merits where order denying preliminary injunction appealed).  Otherwise, Plaintiffs state only that they oppose both Motions "upon each of the grounds which are set forth in the Plaintiffs' Memorandum in Support of First Amended Motion for Preliminary Injunction, filed April 2, 2006."  (Opp'n, 2:15-17).  That Memorandum, however, does not include any discussion of the State Defendants' claim for immunity under the Eleventh Amendment as posited by the Motion presently before the Court.

8

If any doubt remained as to the propriety of maintaining this action under Ex Parte Young on the basis of the relief sought, that doubt is put to rest by the additional requirement of the Young doctrine that "the underlying authorization upon which the named official acts is asserted to be illegal." Id. at 277. Here there can be no doubt that the Director acted legally in coordinating California's MediCal system with the changes authorized by Congress in enacting Medicare's new Part D provision for providing prescription drugs. Plaintiffs cannot dispute this, and consequently Plaintiffs' claims against the State of California fail.[5]

**CONCLUSION**

As set forth above, the Eleventh Amendment precludes this Court from exercising jurisdiction over Plaintiffs' claims against the State Defendants in this matter.

///
///
///
///
///

---

[5] It should also be noted that even aside from Eleventh Amendment concerns, granting the relief sought by Plaintiffs would amount to a mandate that the State of California reinstate MediCal coverage to dual eligibles when it has already, in the wake of MMA, enacted legislation withdrawing such coverage. See California Welfare and Institutions Code § 14133.23(a) and (b)(1). This Court cannot issue a mandate to compel fiscal appropriations; only the state legislature can authorize such expenditures. Hopkins v. Saunders, 93 F.3d 522, 527 (8th Cir. 1996).

1  The State Defendants' Motion to Dismiss is accordingly GRANTED[6]
2  under Rule 12(b)(1).[7]  No leave to amend will be permitted
3  inasmuch as the Court does not believe the jurisdictional defects
4  implicit in Plaintiffs' claims against the State Defendants can
5  be rectified through amendment of its Complaint.

7      IT IS SO ORDERED.

9  DATED: June 28, 2006

       _____
       MORRISON C. ENGLAND, JR
       UNITED STATES DISTRICT JUDGE

---

[6] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

[7] Given the Court's determination that Plaintiffs are jurisdictionally barred from proceeding against the State Defendants, it need not address alternative contentions advanced by said Defendants that Plaintiffs' Complaint also fails to state a claim upon which relief can be granted under Rule 12(b)(6).

10